**United States District Court
Northern District of Indiana
Hammond Division**

| | |
|---|---|
| JAMES KETEN and WANDA KETEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| STATE FARM FIRE AND CASUALTY CO., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | Civil Action No. 2:06-CV-341 JVB |
| ) | |
| STATE FARM FIRE AND CASUALTY CO., ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES KETEN and WANDA KETEN, ) | |
| ) | |
| Counter-Defendants ) | |

**OPINION AND ORDER**

Plaintiffs and Counter-Defendants James and Wanda Keten have filed a motion to dismiss Defendant State Farm's counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that this Court lacks subject matter jurisdiction over the counterclaim and that it fails to state a claim upon which relief may be granted.

**A. Background**

Plaintiffs sued Defendant for breach of contract in state court on September 18, 2006.

Defendant removed the action to federal court on October 11, 2006. Defendant filed its answer on November 26, 2006. On February 2, 2007, the parties filed a Report of Parties' Planning Meeting pursuant to Rule 26(f), which was approved by the magistrate judge on February 9, 2007, in which they agreed that November 30, 2007, would be the last date to seek leave of court to amend their pleadings. On November 30, 2007, Defendant filed a motion for leave to amend its answer by adding a counterclaim. Magistrate Judge Rodovich granted the motion that same day and Defendant filed the counterclaim on December 3, 2007. On January 14, 2008, Plaintiffs filed this motion to dismiss the counterclaim.

**B. Subject Matter Jurisdiction**

Rule12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chi., Rock Island & Pacific R.R. Co.,* 794 F.2d 1182, 1188 (7th Cir. 1988). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations. *Transit Exp., Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). However, the court is not bound to accept as true allegations of jurisdiction where a party properly raises factual questions of subject matter jurisdiction, but may look beyond the jurisdictional allegations to examine any evidence submitted to determine if subject matter jurisdiction in fact exists. *Roman v. United States Postal Serv.*, 821 F.2d 382, 385 (7th Cir. 1987).

Defendant removed this action from state court pursuant to 28 U.S.C. § 1332, which gives federal district courts jurisdiction over cases where there is diversity of citizenship; and 28

2

U.S.C. § 1441, which allows removal to federal court of any action over which the district court would have had original jurisdiction. In its notice of removal and in its counterclaim Defendant properly alleged the diversity of citizenship of the parties by stating that Plaintiffs were citizens of Indiana when they filed their complaint and that Defendant is a corporation incorporated under the laws of Illinois, with its principal place of business in Illinois. Moreover, the notice of removal also asserts that Plaintiffs are seeking more than the $75,000 jurisdictional amount in controversy required by 28 U.S.C. § 1332.

Plaintiff has not presented the Court with any evidence outside the pleadings to suggest that these jurisdictional facts are erroneous. Furthermore, Plaintiffs and Defendant agree that the Defendant's counterclaim is a compulsory counterclaim under Rule 13(a), which does not require an independent grant of jurisdiction. *See Leipzig v. AIG Life Ins. Co.,* 362 F. Ed 406, 410 (7th Cir. 2004). This Court concludes that it has subject matter jurisdiction over this action, including Defendant's counterclaim, and denies Plaintiffs' motion to dismiss insofar as it relies on Rule 12(b)(1).

Plaintiffs' arguments that Defendant does not allege fraud claims with the particularity required by Federal Rule of Civil Procedure 9(b) and that it did not assert its counterclaim when it filed its original answer do not affect this Court's subject matter jurisdiction.

**C. The Magistrate Judge's Order Granting Leave to Amend Answer**

Plaintiffs suggest that a compulsory counterclaim not asserted in the initial answer is lost forever. This is not the law. Federal Rule of Civil Procedure13(f) allows a pleader to seek leave of court to set up a counterclaim by amendment when it has been omitted through oversight,

3

inadvertence, or excusable neglect, or when justice requires. Rule 15(a)(2) requires courts to allow amendments to the pleadings freely when justice requires it.  The magistrate judge granted the Defendant's motion for leave to amend, but Plaintiffs have overlooked Rule 72(a) which requires a party to file and serve objections to a magistrate judge's order within ten days after the party has been served with a copy of the order, and precludes any assignment of error as to any defect in the order not timely objected to.  Because no objections were filed within the time allowed by the Rule, the Court will not review the magistrate judge's order allowing Defendant to amend its answer to assert a counterclaim.

**B. Failure to State a Claim**

**1. Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a motion to dismiss a counterclaim, a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*,127 S.Ct. 1955 (2007)*,* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formation that a pleading "should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir.

4

2007).  The factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face.  *Id.*  The Court of Appeals for the Seventh Circuit, reading *Bell Atlantic* and *Erickson v. Pardus,* 127 S.Ct. 2197 (2007)[1] together, has said "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.**"** *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC***,** 499 F.3d 663, 667 (7th Cir 2007).

While Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a claimant plead a "short and plain statement of the claim showing that the pleader is entitled to relief," Rule 9(b) embodies the exception to this otherwise lenient rule by requiring that fraud be pleaded with particularity. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 626 – 27 (7th Cir. 1999).  The pleader must identify the person who made the misrepresentations, the time, place and content of the misrepresentation, and the method by which the misrepresentations were communicated to the complaining party. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).  These requirements have been described as the "who, what, when, where, and how:  the first paragraph of any newspaper story." *Dileo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

## 2. Analysis

In its counterclaim, Defendant alleges that Plaintiffs were insured under a State Farm

---

[1] *Erickson* was decided two weeks after *Bell Atlantic*.

homeowners' policy. The policy imposes certain duties on the insured following a loss: to prepare an inventory of damaged property, showing in detail the quantity, description, age, replacement cost and amount of loss; and to attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory. In addition, as often as State Farm reasonably requests, the insured must exhibit the damaged property; provide State Farm with records and documents it requests and allow it to make copies; and submit to and subscribe, while not in the presence of any other insured, statements and examinations under oath. Under a section entitled "Concealment or Fraud" the policyholder is informed that the policy is void if he or any other insured "has intentionally concealed or misrepresented any material facts or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." (Countercl., ¶ 4.)

The Plaintiffs submitted a claim under the homeowners' policy for losses resulting from a fire at their home on September 21, 2005. In February 2006 Defendant received an initial set of personal property inventory forms "submitted by the Ketens." (Countercl. ¶ 7.) Defendant noted "numerous discrepancies regarding, among other things, the identity and quantity of personal property items that were listed on the forms but did not appear to be present in the home at the time of the fire." *Id.* Defendant retained an attorney to examine James Keten, Wanda Keten, LaDerek Keten, and Lamont Keten under oath. The attorney directed the Ketens to bring certain documentation to the examination. Exhibit B to the Counterclaim is cited as an example of the requested documentation: James Keten was told to produce, *inter alia*, copies of any and all receipts for the personal property; copies of all utility bills; copies of all pleadings in the bankruptcy case filed on June 30, 2005; all documents "which reflect your purchase of the

personal property which sustained damage"; any photographs or drawings of the personal property claimed as damaged or destroyed, including all photographs removed from the house before or after the fire; payroll check stubs, W-2 forms, federal income tax returns for the years 2002 through 2005; all documents showing any evidence of earned income from 2002 through 2005; and a list of monthly financial obligations such as credit card debt, personal loans, car payments, food, insurance premiums, entertainment, support payments, judgments, tax liens. All the Ketens "failed to answer and/or otherwise failed to cooperate in providing responses to certain questions under oath, including but not limited to, topics regarding their financial well-being." (Countercl. ¶17.) Specifically, both Wanda Keten and James Keten failed to answer questions regarding the discrepancies between items listed in their bankruptcy personal property schedules and the personal property inventory forms submitted to support their insurance claim. Defendant further alleges that the Ketens breached the insurance contract by failing to submit documents that substantiate the figures claimed in their inventory and by failing to provide records and documents it had requested. Additionally, according to Defendant, the Plaintiffs made false and fraudulent representations about the identity and quantity of personal property items in their home at the time of the fire.

Plaintiffs characterize Defendant's Counterclaim as bald, conclusory, and self-serving statements which lack the particularity required by Rule 9(b). The Court disagrees. Defendant alleges who concealed and misrepresented facts: Wanda Keten and James Keten; what was concealed or misrepresented: documentation regarding tax returns filed, bankruptcy proceedings, household bills, photographs and receipts to substantiate their inventory; when, where and how the concealment or misrepresentation occurred: in the submission of their inventory forms in

7

February 2006 and during the examination under oath.  The Court concludes that Defendant has adequately pleaded fraud under Rule 9(b).

**D.  Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to dismiss Defendant's counterclaim (DE 19).


SO ORDERED on Septermber 29, 2008.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division