```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


JAMES KETEN, WANDA KETEN,         )
                                  )
            Plaintiffs            )
                                  )
        v.                        )   Case No. 2:06 cv 341
                                  )
STATE FARM FIRE AND CASUALTY      )
COMPANY,                          )
                                  )
            Defendant             )
******************************)
STATE FARM FIRE AND CASUALTY      )
COMPANY,                          )
                                  )
        Counter Claimant          )
                                  )
        v.                        )
                                  )
JAMES KETEN, WANDA KETEN,         )
                                  )
        Counter Defendants        )
```

OPINION AND ORDER

This matter is before the court on the Motion to Exclude Plaintiff [sic] from Submitting Expert Testimony [DE 35] filed by the defendant, State Farm Fire & Casualty Company, on August 26, 2008; the Objections to Plaintiffs' Expert Testimony [DE 36] filed by State Farm on August 28, 2008; and the Motion to Re-Set Portions of the Expert Disclosure Deadline [DE 52] filed by the plaintiffs, James Keten and Wanda Keten, on October 10, 2008. For the reasons set forth below, the Motion to Exclude Plaintiffs from Submitting Expert Testimony is **GRANTED,** the Objections to

Plaintiffs' Expert Testimony is **DENIED AS MOOT**, and the Motion to Re-Set Portions of the Expert Disclosure Deadline is **DENIED**.

Background

Since August 1978, James and Wanda Keten resided at 3637 West 10th Avenue in Gary, Indiana. On September 19, 2005, a fire occurred at the residence. The Ketens' home was insured by a State Farm Homeowners Policy. When the claim was denied, the Ketens filed suit against State Farm on September 18, 2006, to enforce their policy.

The parties agreed on a case schedule which included, after some adjustment, the following deadlines:

> March 31, 2008 - Deadline for Expert Disclosure by Plaintiffs
>
> April 30, 2008 - Deadline for Expert Disclosure by Defendant
>
> May 31, 2008 - Deadline for Rebuttal Expert Disclosure by Plaintiffs

On March 27, 2008, plaintiffs' counsel informed State Farm that they did not intend to disclose any experts or their reports by the end of March 2008, but reserved the right to submit a rebuttal expert. (Def. Mot. to Exclude, Ex. B) On May 3, 2008, plaintiffs' counsel noted the lack of Expert Disclosures by State Farm and asked for the opportunity to push back the scheduled deadlines and reinstate the opportunity have their expert complete a report. State Farm agreed and again pushed back the deadlines:

> May 30, 2008 - Deadline for Expert Disclosure/Report by Plaintiffs

2

> June 30, 2008 - Deadline for Expert Disclo-
>                  sure/Report by State Farm
>
> July 15, 2008 - Deadline for Rebuttal Expert
>                 Disclosure by Plaintiffs

(Def. Mot. to Exclude, Ex. C) The Ketens confirmed this deadline on May 28, 2008, reiterating their intention to disclose the expert and the report before the deadline, but they mentioned that there had been problems communicating with the expert. (Def. Mot. to Exclude, Ex. D)

On May 29, 2008, the Ketens informed State Farm that the Expert Disclosure would not be completed on time and requested another extension of the deadline in order to obtain a different expert than they had been planning to use. (Def. Mot. to Exclude, Ex. E) State Farm agreed and extended the deadline one week but noted that it would not be amenable to any further extensions. (Def. Mot. to Exclude, Ex. F) On May 30, 2008, the Ketens provided a "Partial Disclosure of Expert Testimony," which disclosed the name and address of the expert witness, his CV, and his hourly rate, but they failed to disclose any statements or opinions to be expressed, exhibits to be used, or a list of other cases in which the expert had testified. (Def. Mot. to Exclude, Ex. G)

State Farm filed a Motion for Summary Judgment addressed to all counts on July 29, 2008. On August 6 and August 14, 2008, two months after the deadline, the Ketens provided a letter from the expert witness indicating his findings in a superficial and conclusory manner. (Def. Mot. to Exclude, Exs. H & I) Due to

the untimely submission, State Farm asks to have the Expert Disclosure precluded for failure to adhere to Federal Rule of Civil Procedure 26(a)(2).

On August 28, 2008, State Farm also filed Objections to Plaintiffs' Expert Testimony which objects to the substantive content of the Ketens' Expert Disclosure. Simultaneous with filing a response, the Ketens filed a Motion to Re-Set Portions of the Expert Disclosure Deadline which would allow them to correct their defective submissions.

## Discussion

Rule 26(a)(2) requires parties to disclose the identity of any person who may be used at trial as an expert witness. The Rule provides:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . , be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testi-

> fied as an expert at trial or by deposition within the preceding four years.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Under Federal Rule of Civil Procedure 37(c)(1), a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." *See also* ***McNabola v. Chicago Transit Authority***, 10 F.3d 501, 517 (7th Cir. 1993)(stating that failure to disclose documents justified exclusion of the documents); ***Ohime v. Foresman***, 186 F.R.D. 507, 508 (N.D. Ind. 1999)(stating same). This exclusion of non-disclosed evidence is automatic and mandatory unless non-disclosure was justified or harmless. ***Musser v. Gentiva Health Services***, 356 F.3d 751, 758 (7th Cir. 2004) (*citing* ***Finley v. Marathon Oil Co.***, 75 F.3d 1225, 1230 (7th Cir. 1996)); ***David v. Caterpillar, Inc.***, 324 F.3d 851, 857 (7th Cir. 2003)(*citing* ***Salgado v. Gen. Motors Corp.***, 150 F.3d 735, 742 (7th Cir. 1998)). The court must determine if the Ketens violated Rule 26 and if so, whether any violation was justified or was harmless. Only

5

after such determinations may exclusion of the expert testimony be imposed. *See **Musser***, 356 F.3d at 755 (delineating the court's inquiry regarding application of Rule 26 for expert witnesses).

State Farm objects to the untimely and deficient submission of the Ketens' expert disclosure. The court, in its Rule 16 Preliminary Pretrial Conference memorandum, approved the parties' proposed discovery plan. The Rules encourage parties to work together to settle discovery disputes and scheduling conflicts. Adjustments to the deadlines by stipulation of the parties were made on several occasions, but such adjustments have limits. State Farm agreed to push back the deadlines for more than two months and only balked at further extensions after the Ketens changed strategies. The Ketens' initial plan was to submit only a rebuttal expert, thus buying time in which to prepare that disclosure. However, when State Farm did not retain an expert, the Ketens requested an opportunity to submit an expert report.

In addition to complying with the scheduled deadlines, Rule 26(a) expert reports must be "detailed and complete." Rule 26 Advisory Committee's note. *See also **Salgado***, 150 F.3d at 742 n.6 (expounding, in detail, what comprises a "detailed and complete" expert report). Here, the Partial Disclosure of Expert Testimony submitted on May 30, 2008, lacked the required information: the "report" states the "who" and the compensation but gives no information about the "how," "why," "what," the exhibits, and any other cases in which the witness has testified as an expert. *See **Salgado***, 150 F.3d at 742 n.6 (itemizing information that must be

6

contained in the expert's report in order to be complete and detailed). The later supplements did not add much. The August 6, 2008, addition is simply a short letter signed by the proposed expert explaining the three accusations of State Farm in the claim denial, followed by three correlating superficial impressions after review of the "available documents."[1] The expert's conclusions literally are just that: bare conclusions without any explanations or methodologies given. The August 26, 2008, supplement added a CV, three sources of data utilized in forming his opinions, and nine cases in which he testified in the past four years.[2] As such, the disclosure fell far short of the Rule's requirements when it was initially submitted on May 30, 2008, and remained deficient after the supplemental additions in August.

The Ketens argue that the delinquent and deficient expert disclosure was justified because their first expert had a con-

---

[1] The letter's opening line alone describes the basis of the expert's report: "Review of the available documents indicates . . . ." This vague reference falls far short of the requirement:

> . . . that the report must contain all information relating to "how" and "why" the expert reached the conclusions . . . the data or other information considered by the witness in forming the opinions. . . . "what" the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions contained within the report.

*Salgado*, 150 F.3d at 742 n.6

[2] The CV was purportedly included in the initial disclosure in May, although the exhibit included from that date did not include a copy. The data utilized by the expert is listed as State Farm Claim Documents, State Farm Insurance Policy, and Public listing of Unfair Claim Practices. However, no copies of any of these items was included in the court's exhibit, and presumably, was not included in the disclosure.

7

flict which precluded his participation in the case and they were short of funds to pay the second expert. The court has discretion in finding justification for an inadequate expert disclosure. *See* **Musser**, 356 F.3d at 759 ("[T]he [plaintiffs] should have known that expert testimony was 'crucial' to their case, and 'likely to be contested;' in these circumstances, there is not a substantial justification for failing to disclose experts." (*citing* **Dura Automotive Sys. of Indiana, Inc. v. CTS Corp.**, 285 F.3d 609, 616 (7th Cir. 2002)(affirming the exclusion of expert testimony)); **Nutrasweet Co. v. X-L Engineering Co.**, 227 F.3d 776, 786 (7th Cir. 2000)(finding no substantial justification for failure to timely file a supplemental expert report after an extended deadline and a "super-extended" deadline). The Ketens knew for 20 months that an expert was needed, but they chose a failed strategy in attempting only to rebut State Farm's expert. *See* **Miksis v. Howard**, 106 F.3d 754, 760 (7th Cir. 1997) (finding no substantial justification where delay was the result of a "tactical decision to wait and see" rather than adhere to the court ordered timetable). The plaintiffs in any civil matter are the masters of their cause of action. The Ketens filed a Complaint and agreed to a schedule which included deadlines for retaining an expert. The lack of effort in retaining an expert is not a substantial justification for the ensuing delays and deficiencies.

The Ketens argue that the tardy, incomplete disclosure was harmless because no trial dates had been set by the court, so no

disruption in proceedings has occurred, and no resulting prejudice to State Farm. State Farm counters that the delay and deficiency has impacted its ability to formulate opinions and strategy, especially in light of the Motion for Summary Judgment State Farm filed on July 29, 2008. The parties' planning meeting report gave October 1, 2008, as a trial-readiness date for this matter, and State Farm has worked diligently to adhere to that date. The Ketens' delays have affected the defense strategy and cannot be labeled harmless. *See **Musser***, 356 F.3d at 759 ("It is certainly true that the district court could have rescheduled the date for trial and allowed more time for depositions and new motions for summary judgment. But it is not an abuse of discretion to conclude that the additional costs to [the defendant] of preparing a new summary judgment motion and further delay in extending the trial date are not harmless."). *See also **Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.***, 100 F.3d 1353, 1363 (7th Cir. 1996) (discussing whether delay in expert disclosure impacted the ability of the opposing party to formulate opinions and strategy for the cause of action). The deadlines of the case, though set by the parties, were approved by court order. State Farm was generous in allowing the Ketens to re-set the deadlines, but once the new deadline had passed and the Motion for Summary Judgment was filed, prejudice can be presumed.

The violation of Rule 26 is clearly established and neither justification nor harmlessness is presented. Thus, the Motion to

Exclude the Expert Testimony is granted.  The substantive arguments aimed at that testimony in the Motion to Strike are rendered moot.  The Ketens' Motion to Re-Set Portions of the Expert Disclosure Deadline likewise is denied.

_____

For the foregoing reasons, the Motion to Exclude Plaintiff [sic] from Submitting Expert Testimony [DE 35] filed by the defendant, State Farm Fire & Casualty Company, on August 26, 2008, is **GRANTED**.  The Objections to Plaintiffs' Expert Testimony [DE 36] construed as a Motion to Strike filed by State Farm on August 28, 2008, is **DENIED AS MOOT**.  The Motion to Re-Set Portions of the Expert Disclosure Deadline [DE 52] filed by the plaintiffs, James Keten and Wanda Keten, on October 10, 2008, is **DENIED**.

Entered this 10th day of December, 2008.


    s/ ANDREW P. RODOVICH
      United States Magistrate Judge